**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YING LIN, | No. 09-70895 |
| Petitioner, | Agency No. A098-955-636 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:      SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Ying Lin, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing her appeal from an immigration judge's

("IJ") decision denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).  We deny the petition for review.

Under the totality of the circumstances, substantial evidence supports the agency's adverse credibility determination based on discrepancies between Lin's testimony and her declaration.  *See id*. at 1047 (petitioner's "inability to consistently describe the underlying events that gave rise to his fear" supported an adverse credibility finding).  Accordingly, Lin's asylum and withholding of removal claims fail.

Because Lin's CAT claim is based on the same testimony the agency found not credible, and she points to no other evidence showing it is more likely than not she will be tortured if returned to China, her CAT claim also fails.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**